# EXHIBIT A

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, February 21, 2025 6:28:13 PM
CASE NUMBER: 2025 CV 01026 Docket ID: 748574439
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE MONTGOMERY COUNTY, OHIO COMMON PLEAS COURT
### CIVIL DIVISION

| | | |
|---|---|---|
| **JACOB REIGELSPERGER** | : | |
| 2612 St. Charles Avenue | : | |
| Dayton, OH 45410 | | Case No.: |
| | | |
| And | : | |
| | | HONORABLE |
| **NIKOLE REIGELSPERGER** | : | |
| 2612 St. Charles Avenue | : | |
| Dayton, OH 45410 | | |
| | | |
| Plaintiffs, | | **COMPLAINT AND JURY** |
| -vs- | | **DEMAND** |
| : | | |
| | | |
| **POLARIS SALES, INC.** | : | |
| 2100 Highway 55 | | |
| Hamel, MN 55340 | | |
| | : | |
| Serve: CT Corporation System., agent | | |
| 4400 Easton Commons Way Ste. 125 | : | |
| Columbus, OH 43219 | | |
| | : | |
| And | | |
| | : | |
| **POLARIS INDUSTRIES, INC.** | : | |
| 2100 Highway 55 | | |
| Hamel, MN 55340 | | |
| | : | |
| Serve: CT Corporation System., agent | | |
| 1010 Dale Street N | | |
| St. Paul, MN 55117-5603 | | |
| And | : | |
| | | |
| **UNITED HEALTHCARE SERVICES, INC.** | | : |
| 9700 Health Care Lane | | |
| Minnetonka, MN 55343 | | : |
| | | |
| Serve: CT Corporation System., agent | | |
| 1010 Dale Street N | | |
| St. Paul, MN 55117-5603 | | |
| | | |
| Defendants. | | |

1

**NOW COMES** Plaintiffs, Jacob Reigelsperger and Nikole Reigelsperger, by and through counsel, Bey & Associates, LLC, through Anita M. Washington, Esq., and Khadeem J. Gibson, Esq., and Carter Law Group, PC, through Amy M. Carter and Heather V. Davis, and brings this Complaint against Defendants, and states as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.      This personal injury action avers injuries and damages sustained as a result of a injuries to Jacob Reigelsperger and Nikole Reigelsperger occurring on or about June 21, 2023, and in further support thereof, state as follows:

<u>**PARTIES, JURISDICTION, AND VENUE:**</u>

2.      Plaintiff Jacob Reigelsperger (hereinafter "Jacob"), and Nikole Reigelsperger (hereinafter "Nikole"), are, and at were at all times relevant hereto, residents of Dayton, Montgomery County, Ohio.

3.      Plaintiffs are informed and believe thereon that Defendant Polaris Sales, Inc. is a Minnesota Corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota.

4.      Plaintiffs are informed and believe thereon that Defendant Polaris Industries, Inc. is a Delaware Corporation with its principal place of business at 2100 Highway 55, Medina, Minnesota.

5.      Plaintiffs are informed and believe Polaris Industries, Inc. is the parent company of Polaris Sales, Inc.

6.      Plaintiffs are informed and believe United Healthcare Services, Inc. is a healthcare insurance company that has provided and/or will provide health insurance benefits to Plaintiff, Nikole Reigelsperger arising from medical treatment for injuries sustained in the subject incident.

2

7.      Unless otherwise stated, Plaintiffs allege that any violations by Defendants Polaris Industries, Inc. or Defendant Polaris Sales, Inc. (hereinafter "Polaris") were knowing and intentional, and that Polaris did not maintain procedures reasonably adapted to avoid any such violation.

8.      Unless otherwise indicated, the use of "Polaris" in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Polaris.

9.      At all relevant times Polaris sold vehicles to members of the general public as well as designed, tested, manufactured, inspected, distributed, warned, and instructed users on the use of  Polaris' ATV, including the subject ATV, in exchange for valuable consideration throughout the United States, including Ohio.

10.     Because Polaris conducted business within the State of Ohio, personal jurisdiction is established.

11.     Venue is proper as the facts and circumstances giving rise to this lawsuit occurred in Dayton, Montgomery County, Ohio.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

12.     On or about June 21, 2023, Jacob was the restrained operator and Nikole was the restrained passenger in a Polaris RZR XP1000, VIN 3NSNAE999NH412401, driving along the bank of the Great Miami River in Dayton, Ohio.

13.     While driving across a grassy slope, Jacob inadvertently drove off the grass and crashed into a concrete culvert.

14.     Upon impact, both the driver and passenger seat belts failed to strain Jacob and Nikole as intended.

3

15.     Jacob's belt broke at the latch plate, and Nikole's belt became unbuckled.

16.     Due to the passenger seat belt failure, Nikole was thrown into the defective, dangerous, and unsafe passenger hand hold.

17.     Both Jacob and Nikole sustained serious injuries as a result of the seatbelt failures.

## COUNT I – STRICT LIABILITY
## POLARIS INDUSTRIES AND POLARIS SALES, INC.

18.     For purposes of this Count, the allegations of all preceding and subsequent paragraphs are adopted and reaffirmed as if fully restated here.

19.     The Polaris RZR along with its accessories and parts were manufactured and installed by Polaris.

20.     At the time of the subject incident, the Polaris RZR was being driven at a speed anticipated by Polaris and involved in a frontal collision as anticipated by Polaris.

21.     Polaris claimed/advertised/marketed/certified that the RZR complied with applicable regulations.

22.     From the time the Polaris RZR, together with all of its installed parts, left the hands of Polaris, it was defective, unfit, and unreasonably dangerous for its foreseeable use.

23.     The Polaris RZR, together with all of its installed parts, was defective and unreasonably dangerous in that no adequate warnings were provided about dangers that were known or should have been known by Polaris.

24.     As a direct and proximate result of the defective nature of the subject Polaris RZR, together with all of its installed parts, and Polaris' failure to warn of the same, Jacob and Nikole suffered catastrophic personal injuries.

4

25.      As a direct and proximate result of the acts and omissions of Polaris, Jacob and Nikole have incurred past and present medical expenses, permanent injuries and lost wages, and are anticipated to incur the same in the future.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants in an amount in excess of $25,000, together with interest, allowable costs of suit, and attorney fees.

<u>**COUNT II- NEGLIGENT DESIGN, MANUFACTURE AND DISTRIBUTION**</u>
<u>**POLARIS INDUSTRIES AND POLARIS SALES, INC.**</u>

26.      For purposes of this Count, the allegations of all preceding and subsequent paragraphs are adopted and reaffirmed as if fully restated here.

27.      Polaris owed to Jacob and Nikole a duty to manufacture, distribute, and sell products that are not unreasonably dangerous. Specifically, Polaris owed to Jacob and Nikole a duty to use reasonable care in designing, assembling, manufacturing and selling its ATV. Polaris, acting by and through its agents and/or representatives, breached this duty and was thereby negligent, careless and reckless in designing, manufacturing, marketing, distributing, and selling of the ATV in question with the defects identified above. As a proximate result of one or more of the aforementioned negligent acts or omissions of Polaris, Jacob and Nikole sustained serious and permanent injuries and damages.

28.      Polaris failed to exercise reasonable care in selling, failing to warn, designing, researching, manufacturing, marketing, supplying, promoting, sale, testing, quality assurance, quality control, and/or distribution of the ATV into interstate commerce. Polaris knew, or should have known, that the ATV was unsafe and unfit for use by reason of the dangers it posed to its users.

5

29.     The negligence of Polaris, its agents, servants, and/or employees includes, but is not limited to, the following acts or omissions:

a.  Negligently designing the ATV in a manner which posed a serious danger to its users;

b.  Designing, manufacturing, producing, creating, promoting, and/or selling the subject ATV without adequately, sufficiently, or thoroughly testing it;

c.  Failing to adequately and correctly warn Jacob and Nikole and the general public of the dangers associated with the ATV;

d.  Failing to provide adequate and clear instructions regarding use and safety precautions of the ATV;

e.  Negligently representing that the ATV was safe for its intended use, when, in fact, it was unsafe;

f.  Negligently assembling the ATV in a manner which was dangerous to its users; and

g.  Negligently producing the ATV in a manner which was dangerous to its users.

h.  Failing to use due care in designing and manufacturing the ATV so as to avoid the aforementioned risks to individuals that use the product for its intended purposes;

i.  Failing to accompany their product with proper warnings;

j.  Failing to accompany their product with proper instructions for use;

k.  Failing to conduct adequate testing to determine the safety of the ATV; and

l.  Was otherwise careless and/or negligent.

30.     Despite the fact that Polaris knew, or should have known, that the ATV caused harm to individuals, including Jacob and Nikole that used the product in its anticipated usage, Polaris continued to market, manufacture, distribute and/or sell the ATV.

31.     Polaris knew or should have known that consumers such as Jacob or Nikole would suffer foreseeable injury and/or be at increased risk of suffering injury as a result of Polaris' failure to exercise ordinary care, as set forth above.

6

32.     Polaris' negligence was the proximate cause of Jacob and Nikole's physical, mental and emotional injuries and harm, and economic loss which they have suffered and will continue to suffer.

33.     Further, as a result of the foregoing acts and omissions, Jacob and Nikole suffered significant damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Polaris on all counts in an amount in excess of $25,000, together with interest, allowable costs of suit, and attorney fees.

## COUNT III: BREACH OF EXPRESS WARRANTIES
## POLARIS INDUSTRIES AND POLARIS SALES, INC.

34.     Plaintiffs herein incorporates by reference all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

35.     At all times mentioned herein, Polaris expressly warranted to Jacob and Nikole and the general public, by and through statements made by Polaris or its authorized agents, or sales representatives, orally and in publications, package instructions and other written materials, that the aforementioned subject ATV was safe, effective, fit and proper for its intended use.

36.     In utilizing the ATV, Jacob and Nikole relied on the skill, judgment, representations and foregoing express warranties of Polaris. Said warranties and representations were false in that the subject ATV was not safe and was unfit for the uses for which it was intended. As a result of the foregoing breach of express warranties by Polaris, Jacob and Nikole suffered unnecessary and severe damages.

37.     Further, as a result of the foregoing acts and omissions, Jacob and Nikole have suffered significant damages.

7

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Polaris on all counts in an amount in excess of $25,000, together with interest, allowable costs of suit, and attorney fees.

**COUNT IV: BREACH OF IMPLIED WARRANTIES**
**POLARIS INDUSTRIES AND POLARIS SALES, INC.**

38.     Plaintiffs herein incorporates by reference all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

39.     Prior to the time that the subject ATV was used by Jacob and Nikole, Polaris impliedly warranted to Jacob and Nikole that the subject ATV was of merchantable quality, safe, and fit for the use for which it was intended.

40.     Jacob and Nikole were and are unskilled in the research, design, and manufacture of the ATV, and they reasonably relied on the skill, judgment, and implied warranty of Polaris in using the subject ATV.

41.     Polaris knew, or should have known, that Jacob and Nikole were using the ATV for a particular purpose.

42.     The subject ATV was neither safe for its intended purpose nor of merchantable qualify, as warranted by Polaris, in that it had dangerous propensities when put to its anticipated use and caused severe injuries to the user.

43.     Polaris, by selling, delivering and/or distributing the defective subject ATV to Jacob and Nikole breached the implied warranties of merchantability and fitness for a particular purpose and caused Jacob and Nikole to suffer the damages described more fully herein.

44.     Further, as a result of the foregoing acts and omissions, Jacob and Nikole have suffered significant damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Polaris on all

8

counts in an amount in excess of $25,000, together with interest, allowable costs of suit, and attorney fees.

## COUNT IV: DECLARATORY JUDGMENT-SUBROGATION UNITED HEALTHCARE

45. Plaintiffs herein incorporates by reference all preceding paragraphs and allegations of this Complaint as if fully set forth herein.

46. Nikole has received and/or will receive benefits from Defendant United Healthcare as a result of medical expenses arising from injuries sustained in the subject collision.

47. Defendant United Healthcare has and/or may have subrogation rights against some of Nikole's claims.

48. Accordingly, Nikole requests the Defendant United Healthcare be ordered by this Court to substantiate its alleged subrogation interest in a sum certain or be barred from collection of its subrogation interest against any party herein.

## COUNT V: LOSS OF CONSORTIUM

49. Prior to the subject incident, Jacob and Nikole enjoyed a close and loving relationship.

50. As a direct result of the injuries sustained by Jacob and Nikole, Plaintiffs have suffered a significant loss of consortium, including:

    a. Loss of companionship and affection;

    b. Diminished ability to engage in shared activities;

    c. Loss of sexual intimacy; and

    d. Emotional distress caused by the change in their relationship.

## COUNT VI: DAMAGES

51.     Plaintiffs sustained personal injuries and damages proximately caused by the

negligence of Defendants, as set forth above, including but not limited to:

a) Medical Expenses
b) Physical Pain and Suffering
c) Mental Anguish
d) Lost Wages
e) Loss of consortium
f) Plaintiffs contend that Defendants' acts and/or omissions amount to gross negligence, reckless conduct, and harm to the public and, as a result, Defendants are subject to punitive damages. The individual and collective acts and/or omissions of the Defendants constitute reckless and/or willful acts which are not isolated in frequency but rather are a part of a pattern and practice which warrants the imposition of punitive damages in an amount to be determined by the jury after having taken into account evidence of:

    i. The seriousness of the hazard to the public arising from Defendants' misconduct;
    ii. The profitability of the misconduct to Defendants;
    iii. How long the conduct lasted and whether it is likely to continue;
    iv. Whether there were attempts to conceal the misconduct'
    v. How aware Defendants were of the conduct and its consequences and how aware Defendants were of its frequency and duration'
    vi. The attitude and conduct of the Defendants upon finding out about the misconduct;
    vii. The financial condition of the Defendants
    viii. The number and level of employees involved in causing or concealing the misconduct;

g) Plaintiffs also claims both pre-judgment and post-judgment interest.

h) As a result of the above, Plaintiffs seek damages within the jurisdictional limits of the Court for which they seek recovery from Defendants.

### PRAYER

52. For these reasons, Plaintiffs ask that on final trial Plaintiffs have and recover:

a) Judgment against Defendants, in a sum in excess $25,000;

b) Pre-judgment interest;

c) Post-judgment interest;

10

d) Costs of court; and

e) All such other relief, at law or in equity, to which Plaintiffs may be entitled.

Respectfully submitted,

**BEY & ASSOCIATES, LLC**

*/s/ Anita M. Washington*
Anita M. Washington, Esq. (0089644)
Khadeem J. Gibson, Esq. (101906)
312 Elm Street, Suite 1485
Cincinnati, Ohio 45202
Telephone: (513) 547-4010
Fax: (404) 393-6107
Anita@beyandassociates.com
Khadeem@beyandassociates.com

*/s/ pro hac vice pending*
Heather Davis, Esq.
Amy Carter
Carter Law Group
351 W. Jefferson Blvd. Ste. 503, LB11
Dallas, TX 75208
hdavis@clgtrial.com
amy@clgtrial.com
*Attorneys for Plaintiff*

## JURY DEMAND

**NOW COME** the above-named Plaintiffs, by and through counsel, and hereby demands

trial by jury on all the issues so triable in the subject litigation.

*/s/ Anita M. Washington*
Anita M. Washington, Esq.
Khadeem J. Gibson, Esq.

11