UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| JACOB REIGELSPERGER, *et al.*, | Case No. 3:25-cv-00148 |
| Plaintiffs, | District Judge Michael J. Newman |
| vs. | Magistrate Judge Caroline H. Gentry |
| POLARIS INDUSTRIES, INC., *et al.*, | |
| Defendants. | |

**ORDER GRANTING POLARIS DEFENDANTS' MOTION
FOR LEAVE TO FILE DOCUMENT UNDER SEAL (DOC. NO. 19)**

Before the Court is the Motion for Leave to File Exhibit A to Response to Order to Show Cause Under Seal ("Motion to Seal," Doc. No. 19) filed by Defendants Polaris Sales Inc. and Polaris Industries Inc. ("Polaris Defendants"). Polaris Defendants seek leave to file a sealed exhibit to supplement their response to this Court's Order to Show Cause ("Order to Show Cause, Doc. No. 14.) For the following reasons, the Court **GRANTS** the Motion to Seal.

I.     **LEGAL STANDARD**

A party that seeks to seal court records bears a "heavy" burden of overcoming the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id*. Such compelling reasons may include trade secrets, information protected by a recognized privilege, or

information protected by statute. *Id.* at 308. But even if there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). And the extent of the seal "must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quotation omitted). Ultimately, the movant must show, with specificity, that "disclosure will work a clearly defined and serious injury." *Id.* at 307-08 (internal citations and quotations omitted).

In sum, a party that seeks to seal documents filed with the Court must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637. The Court must then make specific findings and conclusions to justify sealing the records. *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176).

II. **RELEVANT FACTS**

This dispute arose from injuries that Plaintiffs Jacob and Nikole Reigelsperger allegedly sustained due to an accident that occurred during the operation of a Polaris ATV. (Complaint, Doc. No. 8 at PageID 89-91.) Plaintiffs filed this action in the Montgomery County Common Pleas Court. (*Id.*) Plaintiffs seek damages from Polaris Defendants "in a sum in excess of $25,000.00," plus pre-judgment interest, post-judgment interest, and costs. (*Id.* at PageID 97-98.) Plaintiffs also seek declaratory-

2

judgment subrogation against Defendant United Healthcare Services, Inc. ("Defendant United Healthcare"). (*Id.* at PageID 96.)  Polaris Defendants, together with Defendant United Healthcare, removed the lawsuit to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) After reviewing the Notice of Removal, the undersigned Magistrate Judge issued an Order to Show Cause (Doc. No. 14) as to why this action should not be remanded for lack of subject-matter jurisdiction.

Polaris Defendants seek leave to file under seal the Medical Payment Summary for Plaintiff Nikole Reigelsperger ("Plaintiff") as Exhibit A to their response to the Order to Show Cause. (Motion to Seal, Doc. No. 19.) Polaris Defendants assert that the Medical Payment Summary is protected under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) because it contains protected health information (PHI) and was provided by the Plaintiff's insurance company, UMR, Inc., a covered entity. (*Id.* at PageID 152, 156 (citing Declaration of Zachary C. Maciaszek ("Maciaszek Declaration"), Doc. No. 19-2 at PageID 159-60).) Polaris Defendants further argue that the exhibit should be sealed because it "contains information specific to Plaintiff, is material to the litigation, and will be provided as evidence of the amount in controversy." (*Id.* at PageID 152.)

### III. ANALYSIS

The first step of the *Shane Group* test considers whether there is a compelling interest in sealing the records. The Court is persuaded by Polaris Defendants' argument that they have a compelling interest in keeping the information contained in the Medical Payment Summary out of the public eye:

3

> Here, the Exhibit is a medical billing summary that is protected under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), as it contains protected health information (PHI) and was provided by the claims administrator for Plaintiff's health insurance plan, UMR, Inc., a covered entity. (Maciaszek Decl. ¶¶ 3, 4.) The Exhibit contains sensitive medical treatment information that is specific to the plaintiff, is material to the litigation, and will be provided as evidence of the amount at controversy. (Id. ¶ 5.) The requested seal is not overly broad as there is no compelling reason for the public to access the Exhibit containing sensitive medical information and PHI, as the information is not pertinent to the general public's understanding of the case. (Id. ¶ 6) Thus, the Exhibit should be sealed to allow Polaris Defendants to fully respond to the Order to Show Cause and establish proof that the amount in controversy exceeds $75,000.

(Motion to Seal, Doc. No. 19-1 at PageID 156.)

The Sixth Circuit recognizes "content-based exceptions to the right of [public] access [to court records] . . . to protect competing interests," which include "certain privacy rights of participants or third parties." *Brown & Williamson*, 710 F.2d at 1165. Significantly, this Court has held that a compelling interest can exist in sealing documents that contain highly sensitive medical information. *See, e.g., Harrison v. Scott*, No. 2:18-cv-1023, 2021 U.S. Dist. LEXIS 111541, at *3-4 (S.D. Ohio June 15, 2021) (Preston Deavers, M.J.) (sealing summary judgment exhibits containing the plaintiff's confidential and sensitive medical records); *Siefert v. Hamilton Cty. Bd. of Commissioners*, No. 1:17-cv-511, 2017 U.S. Dist. LEXIS 150629, at *5 (S.D. Ohio Sept. 18, 2017) (Black, D.J.) ("Based upon the highly sensitive nature of the allegations contained in the complaint, which include many details intimately related to medical care received by a minor, the Court finds that there is significant justification for preventing disclosure of the complaint to the public."); *Gibson v. Unum Life Ins. Co. of Am.*, No. 1:23-cv-000695-JPH, 2024 U.S. Dist. LEXIS 202161, at *5 (S.D. Ohio Nov. 6, 2024)

4

(Hopkins, D.J.) (finding a compelling interest to seal the administrative record that "largely contain[ed] [the plaintiff's] confidential personal and/or medical information"); *Cluck v. UNUM Life Ins. Co. of Am.*, No. 2:18-cv-56, 2019 U.S. Dist. LEXIS 203849, at *4 (S.D. Ohio Nov. 25, 2019) (Preston Deavers, M.J.) ("Sealing Plaintiff's medical records and private health information is in accordance with the strong policy of HIPAA and Ohio Revised Code Section 2317.02(B) of protecting patient information.") Based on this authority, the Court agrees that Polaris Defendants have a compelling interest in sealing the Medical Payment Summary.

The second step of the *Shane Group* test considers whether the compelling interest in sealing court records outweighs the public's interest in accessing the records. Here, the Court finds that the interest in safeguarding Plaintiff's sensitive medical information outweighs the public interest in the information. Additionally, the Court has no reason to believe that the particulars of Plaintiff's private health information are relevant to the public's understanding of the matter at this time.

Finally, the third step of the *Shane Group* test considers whether the proposed seal or redaction is narrowly tailored. This Court has recognized "the necessity of sealing documents in their entirety if 'confidential information is pervasive' throughout the at-issue records." *Gibson*, 2024 U.S. Dist. LEXIS 202161, at *5 (quoting *Goodyear Tire & Rubber Co. v. Conagra Foods, Inc.*, No. 2:20-cv-6347, 2021 U.S. Dist. LEXIS 128872, at *6 (S.D. Ohio July 12, 2021) (Preston Deavers, M.J.)). Here, the Medical Payment Summary contains Plaintiff's sensitive medical treatment and diagnostic information (Motion to Seal, Doc. No. 19-1 at PageID 156; Maciaszek Declaration, Doc. No. 19-2 at

5

PageID 159), and so the Court finds that sealing the document in its entirety is "no broader than necessary" to protect the information, because redaction may render the document meaningless. *Shane Group*, 825 F.3d at 306.

For all of these reasons, the Court finds that (1) Polaris Defendants have a compelling interest in sealing Plaintiff's sensitive medical information, (2) this compelling interest outweighs the public interest in release of the confidential information, and (3) permitting Polaris Defendants to file the proposed exhibit under seal is narrowly tailored to serve this compelling interest.

### IV. CONCLUSION

For the foregoing reasons, Polaris Defendants' Motion to Seal (Doc. No. 19) is **GRANTED**. Polaris Defendants are **GRANTED LEAVE** to file Exhibit A <u>**under seal**</u> as an attachment to Polaris Defendants' Response to this Court's Order to Show Cause (Doc. No. 14).

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge