UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| JACOB REIGELSPERGER, *et al.*, | : | Case No. 3:25-cv-00148 |
| Plaintiffs, | : | |
| | : | District Judge Michael J. Newman |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| POLARIS INDUSTRIES, INC., *et al.*, | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte* for the purposes of managing its docket. For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that this lawsuit be **DISMISSED WITH PREJUDICE** for Plaintiffs' failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

With the assistance of counsel, Plaintiffs filed a complaint asserting state-law claims against Defendants Polaris Sales, Inc., Polaris Industries, Inc. and United Healthcare Services, Inc. in the Montgomery County Court of Common Pleas. Defendants removed this lawsuit to this Court based upon diversity jurisdiction.

After Plaintiffs' counsel of record moved for leave to withdraw, the Court granted the motion and stayed the case for thirty days to allow Plaintiffs to retain new counsel. (Doc. No. 36.) The Court also reminded Plaintiffs of their obligation to file a diversity disclosure statement, pursuant to Federal Rule of Civil Procedure 7.1(a)(2). (*Id.*)

1

Plaintiffs did not retain new counsel or file a diversity disclosure statement. Therefore, the Court ordered Plaintiffs "to submit a case status report, **on or before November 24, 2025,** informing the Court whether they intend to pursue this litigation and, if so, whether they intend to retain counsel." (Order, Doc. No. 37, PageID# 368.) The Court also reminded Plaintiffs that their deadline to file a diversity disclosure statement was "**no later than November 17, 2025.**" (*Id.*) Finally, the Court warned: "**PLAINTIFFS ARE CAUTIONED THAT A FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THE DISTRICT JUDGE DISMISS THIS CASE.**" (*Id.*) These deadlines have now passed, and Plaintiffs have not complied with this Court's Order.

This Court considers four factors when determining whether to dismiss a case for lack of prosecution pursuant to Fed. R. Civ. P. 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

All four factors weigh in favor of dismissal. As to the first factor – willfulness, bad faith, or fault – the Court's Order directed Plaintiffs to take specific actions to avoid having their case be dismissed for lack of prosecution, and they failed to comply. The fact that Plaintiffs are not represented by counsel does not excuse their failure to obey this Court's orders. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (affirming

2

dismissal for lack of prosecution where a *pro se* plaintiff "failed to adhere to readily comprehended court deadlines of which he was well-aware").

The second factor also weighs in favor of dismissal. Litigation is often expensive, time-consuming and stressful for the parties. As a general matter, defendants are prejudiced when a case filed against them is unduly prolonged by a plaintiff's failure to respond to their dispositive motions or otherwise to prosecute the matter.

The third factor similarly weighs in favor of dismissal. The Court warned the Plaintiffs that a failure to respond to the Order may lead to a recommendation for dismissal.

Finally, the fourth factor weighs in favor of dismissal. Given the Plaintiffs' failure to comply with the Court's Order, no sanction short of dismissal would be appropriate. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**IT IS THEREFORE RECOMMENDED THAT** this case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

      */s/ Caroline H. Gentry*
      Caroline H. Gentry
      United States Magistrate Judge

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written

objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).